RECEIVED
IN ALEXANDRIA, LA
DEC 15 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TONY LEE KELLY | DOCKET NO. 06-CV-1397; SEC. "P" |
| VERSUS | JUDGE DRELL |
| NATCHITOCHES PARISH DETENTION CENTER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Tony Lee Kelly, filed *in forma pauperis* on August 14, 2006. Kelly is an inmate at the Caddo Correctional Center in Shreveport, Louisiana. He filed suit against the Natchitoches Parish Detention Center, where he was previously housed, alleging that he was deprived of his personal property.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court. For the following reasons, it is recommended that Plaintiff's complaint be DISMISSED WITH PREJUDICE for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff has alleged that, during his period of incarceration at the Natchitoches Parish Detention Center, his personal belongings "went missing." [Doc. #1, p.4] He also alleges that he was not paid for four days of work that he performed through the work release program. [Doc. #1, p.4] Plaintiff does not allege exhaustion in his complaint, but did submit copies of two "Natchitoches Parish Sheriff's Office Corrections Division Inmate Request Forms" and responses. Plaintiff also submitted, among other documents, correspondence from the Louisiana Works -

Department of Labor in response to his complaint.

## LAW AND ANALYSIS

Plaintiff claims that he is owed wages because he worked four days on two different jobs while he was incarcerated. He also claims that his personal items such as clothing, compact discs, and wallet were not returned to him by the detention center. As damages, Plaintiff is seeking payment of his wages and replacement of his personal items that were lost by the defendant.

1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a civil rights suit as frivolous based on the complaint alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining what complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(e)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." Jolly v. Klein, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). However, a civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47

F.3d 1427, 1433 (5th Cir.1995).

2. Exhaustion

First, Plaintiff does not allege that he exhausted all administrative remedies. In fact, the "Statement of Claim" in his complaint form states that he is filing a grievance against Natchitoches Parish Detention Center by filing suit. [Doc. #1, p.3] The United States Supreme Court has recognized that Congress enacted the exhaustion requirement found in 42 U.S.C. §1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. See Porter v. Nussle, 534 U.S. 516, 525 (2002). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to the federal courts. Porter, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of the case. See id.

Since the passage of the PLRA, the Fifth Circuit has explained that although the prior version of §1997e, as interpreted by the Supreme Court in McCarthy v. Madigan, 503 U.S. 140, 149-50 (1992), "contained a 'limited' exhaustion requirement that courts had 'ample discretion' to forgo... [i]n contrast, the current version at issue here provides no such discretion -- exhaustion is mandatory." Arawole v. Hemingway, 2006 U.S. Dist. LEXIS 56229 (D. Tex. 2006)(emphasis added), citing Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002)(other citations and quotations omitted); see also Porter, 534 U.S. at 524 (Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Generally, when a plaintiff has failed to exhaust, the case is dismissed without prejudice in

order to allow the petitioner the opportunity to properly exhaust administrative remedies. However, 42 USCS § 1997e also reads, "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, <u>the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies</u>." 42 USCS § 1997e. The instant complaint fails to state a claim for which relief can be granted. Therefore, the claim should be dismissed as such, with prejudice.

### 3. Parratt/Hudson Doctrine

Plaintiff claims that his rights were violated because certain items of personal property were allegedly lost by the defendant and Plaintiff was not paid for four days of work. The deprivation of personal articles and wages (to the extent that Plaintiff's wages constitute a property interest[1]) by the defendant does not state a claim for relief under § 1983. In <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. <u>Id.</u>, 451 U.S. at

---

[1] In <u>Welch v. Thompson</u>, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit held that "...La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." <u>Welch v. Thompson</u>, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore Plaintiff cannot show that a constitutional right has been violated. See <u>Rehberg v. Fewell</u>, 2006 U.S. Dist. LEXIS 43216 (D. La. 2006).

536-37. The Due Process Clause does not embrace tort law concepts. Id. Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. See Daniels v. Williams, 474 U.S. 327, 335.

Even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994). This principle (known as the Parratt/Hudson doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. See Davis, 70 F.3d at 375, citing, Zinermon v. Burch, 494 U.S. 113, 128-32 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

Louisiana law provides Plaintiff the opportunity to seek redress for his alleged injuries. See, La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

In light of the foregoing, a liberal construction of Plaintiff's complaint fails to support a constitutional violation; Plaintiff's claim is barred under the Parratt/Hudson Doctrine. Plaintiff cannot show that the defendant violated his constitutional rights, and his claim is not a cognizable claim under §1983.

5

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 15th day of December, 2006.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE